# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SEFERINO MARTINEZ,

    Petitioner,

v.                                                      Civ. No. 16-617 WJ/SCY
                                                      CR  No. 96-186 WJ-1

UNITED STATES OF AMERICA,

    Respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Defendant's objections (Doc. 19) to Magistrate Judge Yarbrough's Proposed Findings and Recommended Disposition (PFRD) (Doc. 18). In his PFRD, Magistrate Judge Yarbrough recommended denying Petitioner Seferino Martinez's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 and *Johnson v. United States* (Doc. 1). The basis of Magistrate Judge Yarbrough's recommendation is the Tenth Circuit's decision in *United States v. Greer*, 881 F.3d 1241 (10th Cir. 2018) in which the court affirmed the dismissal of a similar motion because the United States Supreme Court has not recognized a right to challenge one's sentence under the previously mandatory sentencing guidelines pursuant to § 2255 and *Johnson*. Petitioner filed his objections to the PFRD on April 24, 2018. Doc. 19. First, Petitioner contends that the Court should resolve the underlying issue as to whether the *Johnson* holding applies retroactively to cases challenging the mandatory sentencing guidelines on collateral review. Doc. 19 at 1-2. Second, Petitioner requests that in the event the Court rejects that argument, the Court issue a Certificate of Appealability. Doc. 19 at 3. For the following reasons, the Court rejects Defendant's Objections (Doc. 19) to Magistrate Judge Yarbrough's PFRD and therefore adopts the PFRD.

Petitioner's first objection was addressed in *Greer* and referenced in Magistrate Judge Yarbrough's PFRD. As stated by the Tenth Circuit, it exceeds the authority of the court to determine the constitutionality of the residual clause of the mandatory guidelines in the first instance on collateral review under Section 2255. 881 F.3d at 1246-47. Petitioner does not challenge Magistrate Judge Yarbrough's analysis on this point, nor does he otherwise provide authority as to why it would be proper for the Court to address the merits of this objection despite *Greer*. The Court therefore rejects Plaintiff's invitation to determine whether the *Johnson* holding applies retroactively to his sentence under the mandatory sentencing guidelines on collateral review.

As for Petitioner's second objection, the Court acknowledges its duty under Rule 11 of the Rules Governing Section 2255 Proceedings to "issue or deny a certificate of appealability when it enters a final order adverse" to the petitioner. "A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right." *United States v. Williams*, Civ. No. 16-1226 JTM, 2018 WL 828044, *3 (D. Kan. Feb. 12, 2018) (citing 28 U.S.C. § 2253(c)(2)). This requires that the petitioner demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274 (2004) (internal quotation marks and citation omitted). In the present case, the Court is denying Petitioner's Motion on procedural grounds; namely the timeliness of the Motion. Where a court denies a habeas claim on procedural grounds, the Court may issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner provides no argument regarding these applicable standards.

Regardless, because the Tenth Circuit in *Greer* clearly resolved the issues presented by Petitioner's Motion, the Court finds that it is beyond debate that its procedural ruling is correct. Unless and until the United States Supreme Court recognizes a right to challenge the residual clause of the mandatory sentencing guidelines, Petitioner's challenge to his sentence pursuant to § 2255 and *Johnson* is untimely. The Court accordingly denies Plaintiff's request for a COA.

**IT IS THEREFORE ORDERED that:**

(1) The Court ADOPTS Magistrate Judge Yarbrough's Proposed Findings and Recommended Disposition (Doc. 18) and DENIES Petitioner's Motion (CR Doc. 82; Civ. Doc. 1).

_____
CHIEF UNITED STATES DISTRICT JUDGE